# CHARLESTON.

## BYRNE *v.* WHEELING CAN COMPANY.

### Submitted June 10, 1912.   Decided June 17, 1913.

1. MUNICIPAL CORPORATIONS—*Streets and Alleys—Restraining Obstruction.*

     When it is proposed to occupy permanently a public street or alley for private use, an abutter who would be injured by

such occupancy may prevent the same by injunction.  (p. 602).

2.  SAME—*Public Alleys—Vacation.*
    The ·power of a municipal corporation to vacate a public alley can be exercised in the public interest only, and not for the sole purpose of benefitting a private person.  (p. 602).

3.  SAME—*Alleys—Nature of as Public Highway.*
    Public alleys are highways, and, in general, are governed by the legal rules applicable to streets.  (p. 602).

Appeal from Circuit Court, Ohio County.

Suit by William Byrne against the Wheeling Can Company. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*Russell & Russell,* for appellant.

*Joseph Handlan,* for appellee.

ROBINSON, JUDGE:

The council of the city of Wheeling passed an ordinance granting to defendant certain portions of two public alleys.  The ordinance expressly states that the grant is made for the purpose of enabling defendant to enlarge its manufacturing plant.  Thus the ordinance plainly shows on its face that the alleys were ordered vacated, not in the interest of the public, but in the interest of a private manufacturing concern.  Defendant, relying on this ordinance, began the work of building its plant on the alleys.  Plaintiff, owning property immediately adjoining, sought an injunction against such occupancy of these public ways by defendant.  Defendant appeared on the application for the injunction and filed its answer.  It admitted that it was proceeding to build on the alleys, but claimed that the ordinance gave it the right.  It denied that plaintiff would be injured. since the ordinance provided that defendant should make a new alley on a different location.  The injunction was granted.  Defendant's motion to dissolve was overruled.  From the order refusing to dissolve the injunction, we have this appeal.

Notwithstanding the general denial of injury in the answer, it appears rather self-evident that plaintiff would be injured by the proposed occupancy of the alleys by defendant.  As an abutter plaintiff has a peculiar interest in the alleys, which afford access, view, light, air, and other conveniences to his property.

He can not be deprived of these conveniences without injury. The proposed new alley will not relieve the injury. It can not make up for a massive wall of a factory being placed immediately against the side of plaintiff's property, where once were light, entrance, view, air, and appropriate distance from other property. Plaintiff has a peculiar right to the public alleys as he found them when he purchased his property and built upon it. Deprivation of such right is a direct injury to him. He may be deprived of that right for the public use, but not for a mere private use. When it is proposed to take the same for private use, he is clearly entitled to injunctive process. *Pence* v. *Bryant,* 54 W. Va. 263.

The order refusing to dissolve the injunction is right. It was quite proper to continue the injunction. The grant of the alleys to defendant by the city is, on its face, absolutely void. It affords no protection to defendant as against plaintiff's suit to enjoin. Public streets and alleys can not be granted by municipal corporations to private persons. In the interest of the public they may be vacated, but they can not be given over merely for private use. "The power to vacate a street or public place is to be exercised in the public interest, and not for the sole purpose of benefitting a private party." Dillon on Municipal Corporations, sec. 1160. "Highways can not, in any event, be discontinued for the purpose of devoting them to private and inconsistent uses." Elliott on Roads and Streets, sec. 875. The ordinance in this case declares its own invalidity. The end to be accomplished is declared on the face of the ordinance, and thereby shown to be one not within the power of the council. *Pence* v. *Bryant, supra.* There has been no legal vacation of the alleys.

Defendant says that though streets may not be vacated for private uses, yet alleys may be. No such distinction can be made. The reason underlying the principle that a vacation can be made only in the interest of the public, applies as strongly in the case of alleys as in that of streets. "If the alley is a public one, it is a highway, and, in general, is governed by the rules applicable to streets." Elliott on Roads and Streets, sec. 23.

The order overruling the motion to dissolve the injunction will be affirmed.

*Affirmed.*